*S. M. Young,* for defendant in error.

## CONTRACTS FOR SALE OF REAL ESTATE.

[Circuit Court of Knox County.]

A. Schippicasse v. Pauline Church et al.

Decided, October 12, 1906.

*Specific Performance—Delivery to his Agent by Seller of Written Agreement to Sell Realty—Implied Power of Agent to Accept Purchase Price—Tender—Remedy at Law for Damages—Not a Bar to Enforcement of Specific Performance.*

1. Where an owner of real estate gives to his agent a written agreement to sell to be delivered by him to a proposed purchaser, the law will imply that the agent was empowered to accept the purchase money from the purchaser.

2. A decree for specific performance will not be denied to a purchaser because the seller is possessed of sufficient property to respond in the event that a judgment for damages should be recovered against him.

By The Court.

This is a suit to enforce the specific performance of a written contract entered into by and between the plaintiff herein and the defendants herein. The facts in brief are that the defendants herein signed a written contract agreeing to convey to the plaintiff a certain lot situated in the city of Mt. Vernon, for a consideration price of $3,500. A check was executed by the plaintiff, which was delivered to the agent of the defendants. The testimony is somewhat conflicting whether this check was executed and delivered to this agent before the signing of the agreement, or after the same was signed, but as we view this case it is somewhat immaterial. At the time for the payment of the $3,000 mentioned in the contract, the plaintiff produced that sum of money and tendered the same to the defendants, but, taking the testimony of the attorney for the defendants as being the correct statement of what transpired, it appears that he, as such attorney, informed the plaintiff that no deed would be executed

for the property, and that he had directed the defendants not to talk about the transaction. Thereupon the plaintiff, through his attorney, tendered the remaining consideration in money, $3,000.

We think that the plaintiff herein is entitled to a decree.

First. If the defendants give to their agents this written contract to be delivered to the plaintiff, we think that they thereby impliedly empowered him to accept the cash payment specified therein, and he could accept the check, which the proof shows was by him presented and the cash obtained thereon; and we think that the rule of the case is laid down clearly in the 41st Ohio State, page 535, as follows:

"An attorney who receives a promissory note from the agent of the owner for collection, may, in good faith, deliver the proceeds of the collection to such agent in pursuance to his direction."

If, on the other hand, the check was, as claimed by the agent, exhibited to them before signing the contract, and they thereupon signed the contract with the knowledge that their agent had the check for $500, and they then delivered the contract so signed to him to be delivered to the plaintiff herein, they are concluded by this contract and their conduct, and can not now be heard to say that he had no authority to accept said check.

Second. We think there is some corroborative testimony also in their statement to other parties at or about this time, that they had sold their property, and it does appear to us that their refusal to complete the contract was occasioned by some difficulty which must have arisen subsequently to the signing and delivery of this contract, and not because of any failure of the plaintiff to make the cash payment. But it is contended that the tender was not sufficient on the first of November of the three thousand dollars. As we find in this case, the plaintiff and his counsel were informed that the defendants would not make a deed, and that the plaintiff would not get a deed for the property. But, notwithstanding this, we think that the plaintiff fairly and in the performance of his contract did exhibit, offer and tender to the defendant the full sum of three thousand dollars, in payment of the said three thousand dollars, and that the defendants and their counsel refused to assist in counting the same.

But it is urged that the defendants are possessed of sufficient property that a judgment for any damages that may have arisen by reason of the breach of this contract is recoverable against them at law, and our attention is called to some authorities in which it is claimed that specific performance of a contract will not be granted in case there is a plain, adequate and complete remedy at law. We call attention, however, of counsel to 3 Page on Contracts, at Section 627, which we think states the correct rule:

"[*Contracts for Conveyance of Realty.*] Every contract of realty is in a way unique. No amount of money will enable one to acquire a given tract for a private purpose without the consent of the owner thereof. It follows that a contract to convey realty is one, the breach of which can not be compensated for adequately by money damages, and specific performance of such contracts is, therefore, regularly given by equity, if the other elements of the contract are such as to make this remedy proper."

This rule is so generally recognized by courts of equity that they uniformly grant specific performance to the seller of real property against the vendee on the theory that where the vendee has the right to compel specific performance the same right should be accorded to the vendor, notwithstanding his relief is only for so many dollars and cents, and unless it was for the reason that courts of equity always place parties to a contract upon the same footing, there could possibly be no theory or reason advanced why the vendor of property should be entitled to specific release in any case.

Therefore, it is the judgment of this court that a decree may be entered herein in favor of the plaintiff decreeing specific performance, and in the event of the defendants failing to execute a deed within ten days, that the decree of this court may stand as and for a conveyance of said property, and a writ of possession is awarded. Judgment is also entered for costs of suit in favor of the plaintiff and against the defendants. Motion for new trial is overruled and exceptions. Ten days for finding of fact, statutory time for bill of exceptions and cause remanded for execution.

*W. H. Thompson* and *F. V. Owen,* for plaintiff in error.

*J. D. & D. F. Ewing,* for defendant in error.